# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JUSTIN CHARLES MASS, SR.,

        Plaintiff,

v.                                                                                 Case No. 10-CV-30

DAVID BETH, Kenosha County Sheriff, and
KENOSHA COUNTY MEDICAL STAFF,

        Defendants.

## ORDER

The plaintiff, Justin Charles Mass, Sr., who is incarcerated at Dodge Correctional Institution, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $0.56.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the

prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint "does not need detailed factual allegations," but it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. ___ , 129 S. Ct. 1937, 1949 (2009). It does not suffice if the complaint offers only "labels and conclusions," "naked assertions," or a "formulaic recitation of the elements of a cause of action." *Iqbal*, 129 S. Ct. at 1949 (2009) (quoting *Twombly*, 550 U.S. at 555, 557). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). This "facial plausibility" standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Accordingly, in reviewing a complaint, courts reject those allegations that are mere conclusions, and determine whether the facts alleged "plausibly give rise to an entitlement to relief" by "permit[ting] the court to infer more than the mere possibility of misconduct." *Id.* at 1950.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Mass alleges that members of the medical staff at the Kenosha County Jail decided not to treat him for HPV in August of 2009, and that, as a result of not being treated, warts spread on his penis. Mass asserts that this failure to treat him also leaves him contagious to others and can lead to throat cancer. Mass also contends that his grievances and appeals were rejected. For relief, he seeks $25,000.

It appears that Mass was either a prisoner or a pretrial detainee while confined at the Kenosha County Jail. It is well-established that a pretrial detainee must be afforded certain protections under the Fourteenth Amendment, including access to adequate medical care. *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764 (7th Cir. 2002) (citations omitted). Due process rights are at least as great as the protections afforded a convicted prisoner under the Eighth Amendment. *Id.* Accordingly, when considering a pretrial detainee's claim of inadequate medical care, the analogous standards under the Eighth Amendment are often used. *Id.*

To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)). A defendant acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. This is the case "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*

-4-

*v. Gamble*, 429 U.S. 97, 104-05. At this stage in the proceedings, the plaintiff has stated an Eighth Amendment claim, as he alleges that he was denied medical care for a serious medical need, the spread of warts in his genital area.

Mass does not allege that Kenosha County Sheriff David Beth was personally involved in the complaint allegations, nor does he allege that a county policy was involved, and, therefore, he may not proceed against Sheriff Beth in his individual or official capacity. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009); *Thomas v. Cook County Sheriff's Department*, 588 F.3d 445, 453-54 (7th Cir. 2009). However, since Sheriff Beth is the only named defendant at this time, he will remain in the case for the purpose of service of the complaint and identification of the Kenosha County Medical Staff defendants. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 n.3 (7th Cir. 1996).

Although the plaintiff names "Kenosha County Medical Staff" as a defendant, this is neither a person nor an entity subject to suit under § 1983. *See Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Cook County Jail is not a 'person' - it is not a legal entity to begin with."). It appears that plaintiff does not know the names of the individuals who decided not to treat him, and that he seeks to sue unknown members of the medical staff, which is permissible:

> . . . many cases, most famously *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) . . . take for granted the right to sue unknown injurers. Of course, eventually the plaintiff must discover the names of the defendant in

-5-

> order to serve summonses on them and thus establish the court's personal jurisdiction . . .

*Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 789 (7th Cir. 1995). Mass will need to use discovery to identify the names of the relevant staff members and, once identified, he may proceed on individual capacity claims against those defendants.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the named defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the

$349.44 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Honorable J.P. Stadtmueller
>% Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If

the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 14th day of April, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge